

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IVAN KUSHNIRSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC and DOES 1 through 10, inclusive,<br><br>Defendant(s). | CLASS ACTION COMPLAINT<br><br>Civil Action No.: **19 1391**<br><br>Jury Trial Demanded<br><br>**FILED**<br>APR 0 2 2019<br>KATE BARKMAN, Clerk<br>By ___ Dep. Clerk |

Ivan Kushnirsky ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use. Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3. Upon information and belief, Defendant used these very same tactics across the Commonwealth of Pennsylvania against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4. Absent this action, Defendant's inappropriate tactics would continue unabated.

## II. THE PARTIES

5. Plaintiff is an adult individual, who is currently a resident of the Commonwealth of Pennsylvania.

6. Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7. Cavalry Portfolio Services, LLC ("Defendant") is a collection agency engaged in the business of debt collection within the Commonwealth of Pennsylvania, with its principal offices located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340, where it may be served.

8. Defendant is engaged in the business ing a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Defendant's own website states as follows:

## Core Values

**Care**

We genuinely respect and support not only those to whom we provide financial assistance, but those we work shoulder to shoulder with everyday.

**Achieve Excellence**

We never stand still; we are never satisfied. We do not wait for others to improve our company. Individually and as teams, we constantly look at what we do and ask, "How can we do this better?" Then we take action.

**Value Integrity**

We say what we do and do what we say. We are honest, trustworthy, and aligned with our strategy.

**Common Purpose**

Cavalry to the rescue. We work together and share a common purpose, common culture and common goals. We believe we will succeed only as a team and that the full participation of all is essential to the fulfillment of our mission.

**Active Open Communication**

We share our ideas and listen to others. Every voice is heard.

**Responsibility**

We do not say, "That is not my job." We take accountability for meeting our commitments, both on a personal level as well as an organizational level. We take ownership of the results and help others meet their commitments.

**Exciting the Human Spirit**

Creativity and purpose will propel Cavalry ahead of its competition and help millions of people in need at the same time. We promote people with drive and ambition who go above and beyond the call of duty.

**Social Betterment**

We give back to society and care for others. We aim to make a difference in their lives.

See http://www.cavalryportfolioservices.com/About, last visited on March 11, 2019.

10. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the

conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11. Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

12. Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

13. Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

14. At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.   JURISDICTION AND VENUE

15. This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

16. The Eastern District of Pennsylvania is the proper venue for this litigation, because:

   a. Plaintiff resides in Bucks County, which is in the territory of the Eastern District of Pennsylvania;

   b. Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

   c. Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

### IV.   STATEMENT OF CLAIMS

#### BACKGROUND

17. On April 3, 2018, Defendant mailed a debt collection letter to Plaintiff regarding

an alleged consumer debt owed to "Synchrony Bank/Care Credit." A true and correct copy of this document (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

18. The alleged debt referenced in the letter at issue – a purported "Balance Due" of $4,180.81 – was a credit card account and the alleged debt was incurred for personal, family or household purposes, including medical care.

19. Upon information and belief, the letter at issue is a form letter, generated by a computer, with the information specific to Plaintiff inserted by a computer.

20. The letter at issue was the first letter Defendant sent to Plaintiff regarding this alleged debt.

21. The FDCPA requires a mandatory initial notice to the consumer to serve as an informal dispute mechanism. See 15 U.S.C. § 1692g.

22. Therefore, Defendant was required to include in the letter at issue a notice, which states, *inter alia*, that if Plaintiff disputes the debt or any part thereof, he must notify Defendant of this dispute in writing.

23. This is significant, because only a written dispute triggers Defendant's obligation to provide Plaintiff verification of the debt. See Graziano v. Harrison, 950 F.2d 107, 112 (3rd Cir. 1991)(explaining that, for purposes of Section 1692g, "any dispute, to be effective, **must be** in writing. . . .")(emphasis supplied).

24. Thus, in the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer must dispute a debt **in writing** under 15 U.S.C. § 1692g.

25. Further, as held by the Third Circuit, "in order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000).

26. A debt collector, therefore, violates the FDCPA when the requisite notice is "overshadowed" or "contradicted by other portions of the communication." Graziano, 950 F.2d at 111; Wilson, 225 F.3d at 354.

27. In relevant part, Defendant's letter states, "We work with our customers to find affordable repayment arrangements. Please call us at (866) 434-2995 to discuss your repayment options." Exhibit "A."

28. The practical effect of this request to call Defendant is to discourage consumers from disputing the debts in writing.

29. Immediately below that statement, Defendant's letter continues with the following:

> Unless you notify Cavalry within thirty days after receiving this letter that you dispute the validity of this debt or any portion thereof, Cavalry will assume this debt is valid. If you notify Cavalry in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, Cavalry will obtain verification of the debt or a copy of a judgment, if applicable, and mail you a copy of such verification or judgment. If you request it from Cavalry in writing within thirty days after receiving this notice, Cavalry will provide you with the name and address of the original creditor, if different from the current creditor.

30. The above statement does not specify that the dispute must be in writing.

31. Moreover, this statement, when construed with the earlier sentences inviting the consumer to call Defendant creates a "reasonable probability that the least sophisticated debtor . . . would be induced to overlook his statutory right to dispute the debt." Graziano, 950 F.2d at 111.

32. A consumer reading this language could reasonably believe that a phone call would be sufficient to preclude Defendant from assuming the debt to be valid.

33. As described herein, Defendant's actions violated the applicable provisions of the FDCPA, in that, Defendant's letter fails to effectively provide Plaintiff with the statutory notice, required by Section 1692g by "overshadowing" the required notice.

34. Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

5

35. Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

36. Plaintiff has been (and will continue to be) financially damaged due to Defendant's conduct, as set forth herein.

37. Plaintiff has suffered and will continue to suffer actual damages due to Defendant's conduct, as set forth herein.

38. As such, Plaintiff avers that Defendant's conduct, as described herein, was not limited to the circumstances described herein, but was, and is, habitual, systematic, ongoing, and unrelenting in Defendant's business model and practice.

39. Plaintiff avers that the purpose of Defendant's behavior described herein (as well as its day-to-day business operation), is to deceive unsuspecting consumers, wherever and whenever possible, to achieve, *inter alia*, the objectives of obtaining additional revenue and profit for Defendant's business enterprise.

40. Plaintiff avers that Defendant has utilized various methods calculated to confuse, mislead, distract, coerce, and convert consumers' funds for Defendant's benefit, by employing unethical business practices to secure pure financial gain and unjust financial enrichment.

41. Plaintiff further states that Defendant's practices continue unabated, and will continue well beyond the end of this case, for which Defendants have and/or will reap hundreds of thousands of dollars in unearned ill-gotten gains from unsuspecting consumers.

42. Irrespective of Plaintiff's actions, the aforementioned correspondence sent by Defendant to Plaintiff was false, misleading, and, at a minimum, in violation of the FDCPA.

## V.   CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of herself and a class of similarly-situated individuals pursuant to Fed. R. Civ. P. 23.

44. Plaintiff brings this action as a class action for Defendant's violations of the FDCPA on behalf of the following class of individuals: All natural persons, who were sent a letter, substantially in the form represented by Exhibit "A" (the "Class"), during the statutory period covered by this Complaint.

45. The number of individuals in the Class is so numerous that joinder of all members is impracticable. The exact number of members of the Class can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

46. Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in class action and FDCPA litigation. See, e.g., Magness v. Bank of America, N.A., et al., Docket No. 12-cv-6586 (Davis, J.); Volyansky v. Hayt, Hayt & Landau, LLC, Docket No. 2:13-cv-03360 (McHugh, J.); Ebner v. United Recovery Systems, LP, et al., Docket No. 14-cv-06881 (Beetlestone, J.).

47. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

48. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

49. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violations of the FDCPA.

50. Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

51. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Defendant is a "debt collector," as that term is defined under the FDCPA;

    b. Whether Defendant's correspondence is a "communication" as that term is defined under the FDCPA;

    c. Whether Defendant's correspondence is an attempt to collect a debt;

    d. Whether Defendant's correspondence violated the FDCPA; and

    e. Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

52. Plaintiff's claims are typical of the claims of members of the Class.

53. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

54. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
## FDCPA
## (On Behalf of the Class)

55. Plaintiff hereby incorporates all facts and allegations of this document by reference,

as if fully set forth at length herein.

56. As described herein, Defendant's failure to provide a timely and proper statutory notice of the initial communication is a *per se* violation of the FDCPA. See Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 324 (7th Cir. 2016)(explaining that the courts "have not extended the implicit materiality requirements of §1692e to reach claims under §1692g(a). . . .").

57. As described herein, Defendant's letter does not comply with the FDCPA, because it creates the false impression that an oral dispute of the debt under Section 1692g is just as effective as the one made "in writing."

58. Defendant's letter, therefore, is misleading, because it implies that the writing requirement for an effective dispute under Section 1692g is voluntary or optional. See Desantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2nd Cir. 2001)(explaining that a "debt collector violates the [FDCPA] if it fails to convey the information required by the [FDCPA]. . . .").

59. Defendant's letter is also misleading, because it fails to advise a consumer of the proper method for exercising his or her rights to dispute the debt and seek its validation.

60. Defendant's actions with respect to its collection efforts violated, *inter alia*, 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. See Guzman v. HOVG, LLC, et al., 340 F.Supp.3d 526 (E.D.Pa. 2018); see also Henry v. Radius Global Solutions, LLC, et al., 2019 WL 266316 (E.D.Pa. 2019); Durnell v. Stoneleigh Recovery Associates, LLC, 2019 WL121197 (E.D.Pa. 2019).

61. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

## VI.   CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

A. Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Designation of Plaintiff as representative of the Class;

C. Designation of Plaintiff's counsel as class counsel for the Class;

D. A Declaration that Defendant has violated the applicable provisions of the FDCPA;

E. An Order enjoining Defendant from any further violations of the FDCPA;

F. Actual damages;

G. Statutory damages;

H. Attorneys' fees and costs; and

I. Such other relief as the Honorable Court shall deem just and appropriate.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: April 1, 2019

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
2200 Renaissance Boulevard, Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
E-mail: gwells@cwglaw.com

Counsel for Plaintiff and the Class

# EXHIBIT "A"

# Cavalry

PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995 • **FAX:** (914) 747-3673
www.cavps.com

April 3, 2018

RE: Original Institution: Synchrony Bank/Care Credit
Original Account No.:
Cavalry Account No.:
Current Creditor: Cavalry SPV I, LLC
Balance Due: $4180.81

Ivan Kushnirsky

Dear Ivan Kushnirsky:

Cavalry SPV I, LLC purchased the Synchrony Bank/Care Credit account listed above and is now the creditor for the account. Cavalry SPV I, LLC has referred the account to Cavalry Portfolio Services, LLC ("Cavalry") for servicing.

Cavalry is committed to providing you with excellent customer service, which includes treating you in a fair and respectful manner. If at any time you feel that you have not been provided with excellent customer service, please call us at (866) 434-2995.

We understand that all of the account balance may not be repaid at this time. If some of the bill can be repaid, even if it is through a monthly payment plan, we would like to hear from you. We work with our customers to find affordable repayment arrangements. Please call us at (866) 434-2995 to discuss your repayment options.

Unless you notify Cavalry within thirty days after receiving this letter that you dispute the validity of this debt or any portion thereof, Cavalry will assume this debt is valid. If you notify Cavalry in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, Cavalry will obtain verification of the debt or a copy of a judgment, if applicable, and mail you a copy of such verification or judgment. If you request it from Cavalry in writing within thirty days after receiving this notice, Cavalry will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Customer Relations Department
Cavalry Portfolio Services, LLC

We may report information about your account to credit reporting agencies.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.



HELLO_LTR
CVN.wfd
893844
00041274